IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00338-MOC-DSC

UNIVAR, INC., a Delaware corporation,

    Plaintiff,

v.

          **ORDER REGARDING FORENSIC**
               **EXAMINATION**

TAYLOR THANOS, a North Carolina resident,

    Defendant.

 

**THIS MATTER** is before the Court after <u>granting in part</u> and <u>denying in part</u> Chem-Solv's "Motion for Protective Order" (document #33). See "Order" (document #67)   The Court now enters this Protective Order.   **IT IS ORDERED** as follows:

1.      A neutral forensic expert, Applied Solutions Group, shall create a forensic image of each device described in Paragraph two of the Expedited Discovery Order.  The devices produced by Defendant shall be referred to collectively herein as "Defendant's Electronic Devices".

2.      Spectrum Computer Forensics and Risk Management, LLC ("Plaintiff's Forensic Expert") shall conduct the following analysis on each forensic image of Defendant's Electronic Devices to the fullest possible extent:

        a.      create an index of user files (including non-searchable image files) containing one or more search terms, including name of file, file type, all four New Technology File System ("NTFS") dates/times and full file paths;

b. create an index of all emails in any .pst and .ost files, including the "To" field, "From" field, "CC" field, "BC" field, date, time, subject and attachment(s), if any;

c. create an index of all .pst and .ost files, including all four NTFS dates/times, and full file paths;

d. create an index of all text messages, including the "To" field, "From" field and dates/times.

e. index identifying use of external storage devices, including dates/times of use and files accessed, copied or deleted;

f. index of all webmail accounts;

g. index of cloud service(s) activity;

h. any existence of shadow copies on computers running Windows Vista or higher; *and*

i. index of any system files that contain indications of files being accessed, transferred, deleted or copied (collectively, the indexes in (a)-(i) are referred to herein as the "Indexes")

3. Plaintiff's Forensic Expert shall deliver the indexes to the parties' counsel. Plaintiff will then identify on each of the indexes the files and/or emails it requests to be produced to it (the "Requested Files"). If Defendant objects to the production to Plaintiff of any of the Requested Files, Defendant's counsel may serve Plaintiff's counsel via email with written objections within one (1) week after Plaintiff serves Defendant with the list of Requested Files. If Defendant does not timely object to the production of any one or more file(s) and/or email(s) contained in the Requested Files, Plaintiff's Forensic Expert shall produce the Requested Files to Plaintiff. If

Defendant timely objects to the production of one or more file(s) and/or email(s) contained in the Requested Files, the file(s) and/or email(s) shall not be produced without a written agreement between the parties or an Order of this Court, except that all file(s) and/or email(s) contained in the Requested Files to which Defendant did not object shall be produced to Plaintiff.

4.      All information produced by Plaintiff's Forensic Expert pursuant to this Order, including without limitation, all Indexes, files and emails, shall be deemed CONFIDENTIAL pursuant to the Consent Protective Order [Doc. 12].

**SO ORDERED.**

Signed: October 6, 2017

David S. Cayer
United States Magistrate Judge