IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00338-MOC-DSC

UNIVAR USA, INC., a Delaware corporation,

    Plaintiff,

v.

TAYLOR THANOS, a North Carolina resident,

    Defendant.

**PROTECTIVE ORDER REGARDING DISCOVERY FROM CHEM-SOLV**

This matter came before the Court following the entry of an order granting Plaintiff's Motion to Compel Compliance with Subpoena to Chem-Solv on October 5, 2017 (document #67). The Court directed Plaintiff and Chem-Solv to submit a protective order including an "Attorney's Eyes Only" designation. In accordance with the Court's order, the Parties having agreed to the following, and for good cause shown, IT IS HEREBY ORDERED as follows:

**1. Scope**

This Order applies to all products of discovery and all information derived therefrom, including, but not limited to, all documents, data compilations, electronically stored information, computer disks, objects or things, deposition testimony, affidavits, interrogatory/request for admission responses, or any other

media on which information is recorded, and any copies, excerpts or summaries thereof, obtained by any party pursuant to the requirements of any court order, request for production of documents, request for admissions, interrogatory, or subpoena (collectively, "Discovery Materials"). This Order does not affect any person's or entity's use of its own information or documents, nor does it affect the use of any information or documents at trial.

**2.  "Confidential" Material Defined; "Attorney's Eyes Only" Material Defined**

For the purposes of this Order, Discovery Materials may be designated as "Confidential" or "Attorney's Eyes Only" pursuant to Paragraph 4 of this Order. A Designating Entity may designate as "Confidential" any discovery material it reasonably and in good faith believes to contain confidential business information, sensitive financial information, or highly sensitive personal information. A Designating Entity may designate as "Attorney's Eyes Only" any discovery material it reasonably and in good faith believes to contain trade secret or high highly confidential business information which could cause the Designating Entity harm if revealed to its competitor.

For the purposes of this Order, a "Designating Entity" means Plaintiff or Chem-Solv.

For the purposes of this Order, "Designated Material" means any material that meets the definition of "Confidential" or "Attorney's Eyes Only" under this Order, and that has been so designated by any Designating Entity.

**3. Use of Designated Material**

a. Unless otherwise expressly permitted by this Court or by express written agreement of the parties, all Designated Material produced or discovered in this case designated as "Confidential" shall be used solely for the prosecution or defense of this case, and shall not be used for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function.

b. Unless otherwise expressly permitted by this Court or by express written agreement of the parties, all Designated Material produced or discovered in this case designated as "Attorney's Eyes Only" shall be used solely for the prosecution or defense of this case and shall not be used for any other purpose, including, but not limited to, any other litigation or judicial proceedings, or any business, competitive, or commercial purpose or function.

4. **Procedure for Designating Material**

A Designating Entity shall designate "Confidential" or "Attorney's Eyes Only" material in the following manners:

a. In the case of documents or other written materials, by affixing the word "Confidential" or "Attorney's Eyes Only" by stamp or other method which will make such word conspicuous to each page of the document the Designating Entity wishes to designate.

b. In the case of electronic data, including but not limited to information produced on a hard drive, cd-rom, dvd-rom, thumb drive, or other electronic media ("medium of production"), by providing written notice to all parties requesting production identifying the material being designated as "Confidential" or "Attorney's Eyes Only." To the extent possible, the Designating Entity shall also label the medium of production with the appropriate designation. However, any failure or inability to affix such label to the medium of production shall not waive any protection provided by this Order.

c. In the case of written discovery or pleadings, by affixing the word or phrase "Confidential" or "Attorney's Eyes Only" by stamp or other method to the portions so designated.

## 5. Permissible Disclosures of "Confidential" Material

Except as otherwise agreed in writing by the Designating Entity or as ordered by the Court, material designated as "Confidential" may be disclosed to and used only by:

a. counsel of record for the parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case;

b. the Court or the jury at trial or as exhibits to motions;

c. court officials involved in this case (including court reporters and persons operating video recording equipment at depositions);

d. the author of the document and each recipient of a copy of the document, only insofar as the author or recipient is identified on the face of the document;

e. the parties in this case and any employees of the parties to this case only to the extent the employee(s) is one necessary to the prosecution;

f. subject to the limitations below, any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

g. subject to the limitations below, persons in this case noticed for depositions or designated as trial witnesses, only to the extent

reasonably necessary in order to conduct the examination of such person or to prepare such person to testify;

h. subject to the limitations below, outside consultants or outside experts in this case, including their support personnel, retained for the purpose of assisting counsel of record or inside counsel of the parties in this case or to serve as an expert witness in this case; and

i. subject to the limitations below, any mediator in this case.

The parties shall obtain from any individual to whom disclosure is to be made under subparagraphs (f) through (i) above a signed Acknowledgement of Protective Order, attached hereto as <u>Exhibit A</u>, prior to such disclosure. Counsel providing access to such material shall retain copies of the executed Acknowledgement(s) and shall produce such Acknowledgement(s) to the parties upon request.

**6. Permissible Disclosures of "Attorney's Eyes Only" Material**

Except as otherwise agreed in writing by the Designating Entity or as ordered by the Court, material designated as "Attorney's Eyes Only" may be disclosed to and used only by:

a. counsel of record for the parties in this case and his/her partners, associates, secretaries, legal assistants, employees, and litigation support vendors to the extent reasonably necessary to render professional services in this case; or

b. the Court for purposes of challenging the "Attorney's Eyes Only" designation.

**Under no circumstances shall an attorney representing a non-producing party share with his or her client any documents designated as "Attorney's Eyes Only," unless and until the Designating Entity agrees in writing or as otherwise ordered by the Court.**

7. **Inadvertent Disclosures**

a. The parties agree that in the event the producing party or other person inadvertently fails to designate materials hereunder, it may make such a designation subsequently by notifying all persons and parties to whom such materials were produced, in writing, within fourteen (14) days of the producing party first discovering such inadvertent disclosure. In no event, however, may a producing party or other person designate or re-designate inadvertently produced materials within thirty (30) days prior to trial. After receipt of such notification, the persons to whom production has been made shall prospectively treat the designated materials as "Confidential" or "Attorney's Eyes Only" material, subject to their right to dispute such designation in accordance with Paragraph 9. The receiving party shall not be in violation of this Protective Order

for any disclosure of information made prior to receiving such notification.

b. With regard to privileged information or documents, nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a Designating Entity to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a Designating Entity inadvertently produces matter that it in good faith later asserts to be privileged or otherwise protected from disclosure, the production of that matter will not constitute a waiver of any applicable privileges or other protection, provided the Designating Entity complies with this paragraph. In such circumstances, the Designating Entity must, promptly after discovery of the inadvertent production, notify in writing all Parties to the Action in which the matter was inadvertently produced of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon such notification, the receiving parties shall treat the matter as privileged or protected unless and until the Designating Entity agrees otherwise in writing or the Court determines the matter is not privileged or protected.

Within five (5) business days of receiving such notification, all non-Designating Parties shall (a) return the matter to the Designating Entity; or (b) confirm in writing to the Designating Entity the destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the Designating Entity in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the last event only, the non-Designating Entity may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the Designating Entity to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) above with respect to all other copies of such matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the Designating Entity shall file a motion with the Court within fifteen (15) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the non-Designating Entity. In no event shall

production of any privileged information be deemed a waiver of privilege regarding any other information.

8. **Designations of Material in Filings and at Trial**

Without written permission from the Designating Entity or a court order, all Designated Material filed with or submitted to the Court shall be provisionally filed under seal and accompanied by a motion that the material be placed under seal. The parties shall seek the assistance of the trial court in protecting the confidentiality of Designated Materials at trial or any pre-trial or post-trial hearings. It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents. The fact that Designated Materials have been designated as "Confidential" or "Attorney's Eyes Only" shall not constitute dispositive proof that the Materials in fact contain confidential information entitled to protection from disclosure under law.

Nothing in this Order shall be construed to limit the evidence that any party may offer at hearing or at trial, nor shall it be construed to limit any claim or defense of any party.

9. **Relief from Protective Order**

This Order shall be without prejudice to the right of any party to oppose production of any information on any ground, except confidentiality.

Any party may at any time request, in writing, from any Designating Entity the removal of a designation of documents, material, information, or things as "Confidential" or "Attorney's Eyes Only."  Upon receipt of such request, the parties shall confer in good faith as to the status of the subject information.  If the parties are unable to agree upon the status of the subject information, any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving them of the provisions of this Order for good cause shown to be determined by the Court, or may, upon reasonable notice, challenge a designation by motion to the Court.  In such instances, the Designating Entity shall bear the burden of establishing that the challenged documents, material, information, or things are entitled to protection under this Protective Order.  Until the Court enters an Order changing the designation, such material shall be subject to the restrictions initially assigned to it and provided for it in this Protective Order.  The parties hereto retain the right to apply to the Court for an order affording additional protection to any material produced herein as the circumstances may warrant.

**10.    Subpoena by Other Courts or Agencies**

If another court or an administrative agency subpoenas or otherwise orders production of "Confidential" or "Attorney's Eyes Only" material, the person to whom

the subpoena or other process is directed shall (1) promptly object to the production of such material by setting forth the existence and force of this Protective Order and (2) notify the Designating Entity of the subpoena or order within three (3) days of receiving such subpoena and provide a complete copy of the subpoena or order to the Designating Entity.

11. **Non-Termination**

This Order shall survive the final conclusion of this case and shall continue in full force and effect, and the Court shall retain jurisdiction to enforce this Order. Within ninety (90) days after the final conclusion of this case (including the contemplation of any appeals), all Designated Material produced in this litigation shall, upon request of the Designating Entity, be either destroyed or returned to that entity; provided, however, that counsel for each party may retain for their respective files one copy of such Designated Material that does not constitute protected health information.

Notwithstanding any of the foregoing, the parties' counsel may retain any privileged attorney work product they have created which incorporates Designated Material on the condition that they will maintain the confidentiality of such material and will not use such material in contravention of the provisions of this Order.

12. **Modification and Non-Waiver**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. The designation or non-designation of information shall not affect the materiality, relevance, or admissibility of any information, except as set forth herein.

**13.    Improper Disclosure of Designated Material**

Disclosure of Designated Material other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as this Court may deem appropriate.

## 14. Effectiveness

This Order shall be binding on the parties as an enforceable contract upon its execution by the parties' respective counsel. This Order shall be effective as an Order of the Court upon its entry by the Court.

**SO ORDERED**.

Signed: October 17, 2017

David S. Cayer
United States Magistrate Judge

EXHIBIT A

Acknowledgement of Protective Order

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00338

UNIVAR USA, INC., a Delaware corporation,

    Plaintiff,

v.

TAYLOR THANOS, a North Carolina resident,

    Defendant.

**ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

1. I hereby attest to my understanding that material, information or documents designated as "Confidential" are provided to me subject to the Protective Order ("Order") dated _____ \_\_\_\_\_, 2017, in the above-captioned litigation (the "Litigation"); that I have been given a copy of and have read the Order; and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement of Protective Order, indicating my agreement to be bound by the Order, is a prerequisite to my review of any information or documents designated pursuant to the Order.

2. I further agree that I shall not disclose to others, except in accord with the Order, any "Confidential" material, in any form whatsoever, and that such material and the information contained therein may be used only for the purposes

authorized by the Order. I agree that any materials that I create that contain information that has been designated as "Confidential" is also protected by the Order to the same extent as the original Designated Materials.

3. I further agree to be bound by the provisions in the Order governing protected health information, as defined therein. Specifically, I agree and attest to my understanding that any such protected health information shall not be used or disclosed for any purpose other than this Litigation.

4. I further agree to return all copies of any Designated Material I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than sixty (60) days after the conclusion of this case.

5. I further agree and attest to my understanding that my obligation to honor the confidentiality of Designated Material will continue even after this case concludes.

6. I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court presiding over this action, for the purposes of any proceedings relating to enforcement of the Order.

7. I further agree to be bound by and to comply with the terms of the Order as soon as I sign this Acknowledgement of Protective Order, regardless of whether the Order has been entered by the Court.

By: _____ [signature]

_____ [printed name]

_____ [title]

_____ [organization/company]

Date: _____